IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| BRANDON DEAN LYONS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 3:11cv495-HEH |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## REPORT AND RECOMMENDATION

This matter is before the Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on Plaintiff's Motion for Summary Judgment (ECF No. 6); Plaintiff's Motion to Remand (ECF No. 7); and, Defendant's Motion to Remand (ECF No. 9). Plaintiff Dorothy Proffitt seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her application for Supplemental Security Income payments ("SSI"). The Commissioner's final decision is based on a partially favorable finding by an Administrative Law Judge ("ALJ") that Plaintiff was disabled as defined by the Social Security Act ("the Act") and applicable regulations as of February 16, 2010, as opposed to the earlier alleged onset date of February 2, 2008.

The Defendant has agreed to remand the case for reconsideration. Although Plaintiff consents to the remand, he disputes the scope of any subsequent proceedings before the ALJ. Specifically, he argues that he did not seek judicial review of the favorable portion of the ALJ's findings such that those findings are not properly before the Court. Plaintiff asks this Court to limit any further proceedings to prohibit the ALJ from reviewing the favorable aspects of his

decision. For the reasons discussed herein, it is the Court's recommendation that Defendant's Motion to Remand (ECF No. 9) be GRANTED; that Plaintiff's Motion for Summary Judgment (ECF No. 6) and Motion to Remand (ECF No. 7) be DENIED as moot; and that the decision of the Commissioner be REVERSED AND REMANDED consistent with this Report and Recommendation.

## I. BACKGROUND

Plaintiff filed his application for disability benefits under Title XVI of the Act on March 20, 2008, alleging disability since February 2, 2008. (R. at 152-53.) His application was denied initially and on reconsideration. (R. at 91-103.) He requested a hearing before an ALJ, which was held on April 7, 2009. (R. at 32-57.) On August 12, 2009, the ALJ issued a decision finding that Plaintiff was not disabled under the Act. (R. at 74-86.) That decision was reviewed by the Appeals Council, which remanded the claim for a new hearing and decision. (R. at 87-90.) On remand, the ALJ found that Plaintiff was disabled since February 16, 2010, but not earlier. (R. at 16-31.) Plaintiff again requested review by the Appeals Council, which was denied. (R. at 1-4.) Thus, the ALJ's second decision is the "final decision" of the Commissioner subject to review by this Court under 42 U.S.C. § 405(g).

Upon review of the case, Defendant has agreed to remand for additional evaluation of Plaintiff's claim. (Def.'s Mot. to Remand at ¶ 2.) Although Plaintiff consents to remand the matter, he disputes the appropriate scope of review on remand. (*Id.* at ¶ 3.) Because he did not challenge the ALJ's finding that he was disabled at least since February 16, 2010, Plaintiff argues that the ALJ should not be allowed to reconsider disability findings since that date. In other words, Plaintiff argues that the scope of review on remand must be limited to determining disability between the alleged onset date of February 2, 2008 and the date on which the ALJ

2

found Plaintiff disabled — February 16, 2010. According to this rationale, the ALJ could not reconsider the any favorable aspects of his decision, even if presented with new evidence that calls that finding into question.

Although Defendant represents that he does not presently have any cause to disturb the favorable portion of the ALJ's decision, he opposes limiting the scope of review for several reasons. First, Defendant asserts that the Court cannot limit the Commissioner's jurisdiction in this way. (Def.'s Reply Sup. Mot. Remand at 1.) Second, he argues that the ALJ's decision is vacated in its entirety once disturbed on appeal. (*Id.*) Finally, Defendant notes that he may nevertheless re-open the case for "good cause" under 20 C.F.R. § 404.988.

## II. STANDARD OF REVIEW

In reviewing the Commissioner's decision to deny benefits, the Court is limited to determining whether the Commissioner's decision was supported by substantial evidence on the record and whether the proper legal standards were applied in evaluating the evidence. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. Jan. 5, 2012) (citing *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)). The Court must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.* (citation and internal quotation marks omitted); *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (citation omitted).

Although the Court cannot consider evidence not presented to the ALJ, the Act provides that the Court *may* remand a case for reconsideration in two situations. 42 U.S.C. § 405(g) (emphasis added). The first is a "sentence four" remand, which provides that the "court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security with or without

remanding the cause for a rehearing." *Id.* Alternatively, a "sentence six" remand allows the Court to "order additional evidence to be taken before the Commissioner." Granting a "sentence six" remand is within the sound discretion of the district court. *Doctors Nursing & Rehab. Ctr. V. Sebelius*, 613 F.3d 672, 680 (7th Cir. 2010) (citing *Dudley v. Astrue*, 246 Fed. App'x 249, 251 (5th Cir. 2007)).

### III. ANALYSIS

Section 405(g) of the Act provides the sole authority for this Court to disturb a final decision of the Commissioner. Nowhere in that provision is there any authority for this Court to limit the scope of review on remand. For this reason alone, the Court recommends that the Defendant's Motion to Remand be granted without limitation.

Moreover, such limitation would conflict with the Commissioner's regulation that permits the Commissioner to reopen a case for "good cause" within four years. 20 C.F.R. § 404.988. On remand, if the ALJ is presented with new evidence that the favorable aspects of his previous decision were in error, he is permitted to consider that evidence. Indeed, that is the appropriate role of the ALJ as factfinder — a role beyond this Court's statutory mandate. *Hancock*, 667 F.3d at 472 (citation omitted). For this additional reason, it is this Court's recommendation that the Defendant's Motion to Remand be granted without limitation.

### IV. CONCLUSION

Based on the foregoing analysis, it is the recommendation of this Court that Defendant's Motion to Remand (ECF No. 9) be GRANTED; that Plaintiff's Motion for Summary Judgment (ECF No. 11) and Motion to Remand (ECF No. 7) be DENIED as moot; and, that the final decision of the Commissioner be REVERSED and REMANDED consistent with this decision.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable Henry E. Hudson and file this Report and Recommendation electronically, notifying all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

                                                          /s/
                                                 David J. Novak
                                                 United States Magistrate Judge

Richmond, Virginia
Date: June 4, 2012